**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 3:08-615** |
| | ) | |
| **vs.** | ) | |
| | ) | **JURY INSTRUCTIONS** |
| **JOSEPH B. BRUNSON** | ) | |
| **TIMOTHY MCQUEEN** | ) | |
| **TONY POUGH** | ) | |

  **Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts; first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the government must prove to make the case; and third, some rules for your deliberations.**

  **It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow that law whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudice or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.**

  **In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict**

1

you should return--that is a matter entirely for you to decide.

The indictment or formal charge against the defendants is not evidence of guilt. Indeed, the defendants are presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all.

The government has the burden of proving the defendants are guilty beyond a reasonable doubt. And if it fails to prove the defendants are guilty, you must find the defendants not guilty. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt concerning the defendants' guilt.

Although the defendants have been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendants have pleaded not guilty to that indictment.

As a result of the defendants' plea of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt. It is never the burden for a defendant to prove himself innocent. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The law presumes the defendants to be innocent of the charges against them. I therefore instruct you that the defendants are to be presumed by you to be innocent at this time and throughout your deliberations unless you, as a jury, are satisfied that the government has proven their guilt beyond a reasonable doubt.

The defendants began the trial here with a clean slate and a presumption of innocence which remains with them now even as I instruct you, and will continue with the defendants into your deliberations unless you are convinced that the government has proven their guilt beyond a reasonable doubt. If the government has failed to carry this burden, it would be your duty, under the oath that you took at the beginning of this case, to find the defendants not guilty.

## Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

1.  Was the witness able to see, or hear, or know the things about which that witness testified?

2.  How well was the witness able to recall and describe those things?

3.  What was the witness's manner while testifying?

4.  Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.  How reasonable was the witness's testimony considered in light of all the evidence in the case?

6.  Was the witness's testimony contradicted by what that witness has said or

done at another time, or by the testimony of other witnesses, or by other evidence?

You are the sole judges of the credibility of witnesses and the weight their testimony deserves. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. Therefore, you need to consider whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal, state, or local government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

The defendants did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the trial and never shifts to the defendant. A defendant is never required to prove that he is innocent. You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand.

4

You may not consider this against the defendant in any way in your deliberations in the jury room.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## Evidence Generally

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; and

(2)     the exhibits which have been received into evidence.

During closing arguments, you may have heard the attorneys draw analogies between the facts in the record in this case and facts that are not in the record. You are instructed to only consider the sworn testimony of witnesses and the exhibits that were introduced into the record.

During the trial, several items were received into evidence as exhibits. Some

5

exhibits will be sent into the jury room with you when you begin to deliberate. Examine the exhibits if you think it would help you in your deliberations. The bank records that were introduced at trial will not be sent into the jury room with you. If you think it would help you in your deliberations to view the bank records, please send a note signed by the foreperson or at least two jurors by the marshals.

### Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. You, the jury, are the sole judges of witness credibility. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    **Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, you should disregard the question of the attorney.  If the objection was overruled, treat the answer as any other.**

3.    **Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.**

4.    **Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.**

## Jury Impartiality

**You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.**

**This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to the defendant, who is charged with serious crimes.**

**The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.**

7

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendants are guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendants' guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving the defendants' guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. If the defendants in any case are found guilty, the duty of imposing a sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendants, if they are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Some of you have taken notes during the trial. Remember that the notes are for your own personal use. They are not to be given or read to anyone else and they are not to be used in place of your memory.

Additionally, if any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel. You are the sole judges of the evidence received in this case and the credibility of the testimony of the witnesses.

* * * * * * * * * *

With these preliminary instructions in mind, let us turn now to the specific charges against the defendants as contained in the indictment. I remind you that an indictment itself is not evidence. It merely describes the charges made against the defendant. It is an accusation. It must not be considered by you as any evidence of the guilt of the defendant.

For ease of reference, counts that require similar facts be proved beyond a reasonable doubt will be read together. Nonetheless, it is important to remember that the charges set forth in each count in the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately and you must state your finding as to each count uninfluenced by your verdict as to any other count. The defendants may be found guilty or not guilty of any one or all the offenses charged.

In reaching your verdict, you are to remember that there is one indictment pending against the defendants in this case, with fifty-eight (58) charges, or counts, against them. It is important to remember that the charges set forth in each count in the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately and you must state your finding as to each count uninfluenced by your verdict as to any other count. The defendants may be found guilty or not guilty of any one or all the offenses charged. The indictment charges:

**COUNT 1**: Conspiracy to commit mail fraud in violation of 18 U.S.C. § § 1341 and 1349. The grand jury charges that from on or about September 2004, and continuing up to and including August 2008, in the District of South Carolina and elsewhere, the defendants, Joseph B. Brunson, Timothy McQueen, and Tony Pough, unlawfully, knowingly, and willfully did conspire, combine, confederate, and agree with each other to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and during the course of this conspiracy, it was foreseeable that the United States mails and private and commercial interstate carriers would be, and were used to transport matters in furtherance of the scheme and artifice, in violation of Title 18, United States Code, Section 1341.

**COUNTS 2-36**: Mail fraud in violation of 18 U.S.C. § 1341. The grand jury further charges that on or about September 2005, and continuing up to and including March 2007, in the District of South Carolina and elsewhere, the defendants, Joseph B. Brunson, Timothy McQueen, and Tony Pough, for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, knowingly did, as principals, aiders and abetters, and co-participants in jointly-undertaken

criminal activity, place in a post office or authorized depository for mail matter, matter and things (i.e., checks and certificates in various amounts) to be sent and delivered by the Postal Service (USPS), and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did take and receive therefrom such matter and things, and did knowingly cause to be delivered by mail and such carriers according to the direction thereon, and at the place at which such matter and things were addressed in violation of Title 18, United States Code, Section 1341.

To prove a conspiracy to commit mail fraud under 18 U.S.C. § 1349, the following facts must be proved beyond a reasonable doubt:

First:    that two or more defendants agreed to commit the underlying crime of mail fraud; and

Second:    that the defendants knew of the conspiracy and wilfully joined the conspiracy.

The gravamen of the crime of conspiracy is an agreement to effectuate a criminal act.  By its very nature, a conspiracy is clandestine and covert, and, therefore a conspiracy is often proved by circumstantial evidence. Indeed, a conspiracy may be proved wholly by circumstantial evidence.  Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy.

A conspiracy can have an elusive quality and a defendant may be convicted of conspiracy even though the defendant is not aware of the entire breadth of the criminal enterprise. One may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or without participating over the whole period of its existence.

However, a defendant cannot unwittingly or accidentally become a conspirator. In order to join a conspiracy, a defendant must have some knowledge of the conspiracy's essential, unlawful purpose and objectives and must wilfully agree, in some way, to join in the overall criminal venture.

The government need not prove that the alleged conspirators entered into any formal agreement, or that they directly stated between/among themselves all the details of the agreement. The conspiracy need not have a discrete, identifiable, formal organizational structure; the requisite agreement to act in concert need not result in any such formal structure.

The government need not prove that all of the details of the agreement alleged in the indictment were actually agreed upon or carried out.

The government need not prove that all of the persons alleged to have been members of the conspiracy were in fact members of the conspiracy, only that a defendant and at least one other defendant were members.

Furthermore, the government need not prove that the alleged conspirators actually accomplished the unlawful objective of their agreement.

In addition to proving the existence of a conspiracy beyond a reasonable doubt, the Government must also prove a defendant's connection to the conspiracy beyond a reasonable doubt.  To satisfy that burden, the Government need not prove that the defendants knew the particulars of the conspiracy or all of his coconspirators.  Indeed, a defendant properly may be convicted of conspiracy without full knowledge of all of the conspiracy's details, but if he joins the conspiracy with an understanding of the essential unlawful nature of the conspiracy and with specific criminal intent and willfully joins in the plan on one occasion, it is sufficient to convict him of conspiracy, even though he had not participated before and even though he played only a minor part.

Whenever it appears beyond a reasonable doubt from the evidence in the case that a conspiracy existed and that the defendant was one of the members, then you may consider as evidence against the defendant the statements knowingly made and acts knowingly done by another person likewise found to be a member of the conspiracy, even though the statements and the acts may have occurred in the absence of and without the knowledge of the defendant, provided such statements and acts were knowingly made and done during the continuance of such conspiracy and in furtherance of some object or purpose of the conspiracy.

A statement by a co-conspirator is made in furtherance of a conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect.  For example, statements made by a conspirator to a non-member of the conspiracy may be considered to be in furtherance of the conspiracy if they are designed to induce that person either to join the conspiracy or to act in a way that will assist the conspiracy in accomplishing its objectives.

13

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goals or objectives of the conspiracy, may be found by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this person in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he did not participate directly in the acts constituting the offense.

If you find that the government has proven a defendant guilty of conspiracy as charged in the indictment, you may also find him guilty of the crimes alleged in any other counts of the indictment in which he is charged provided you find that the essential elements of these counts as defined in these instructions have been established beyond a reasonable doubt, and further that you also find beyond a reasonable doubt that the substantive offense was committed by a member of the conspiracy, that the substantive crime was committed during the existence or life of and in furtherance of the goals of the conspiracy, and that at the time this offense was committed the defendant was a member of the conspiracy.

In order to hold a coconspirator criminally liable for acts of other members of the conspiracy, the act must be done in furtherance of the conspiracy and be reasonably foreseen as a necessary or natural consequence of the conspiracy.  In order to be reasonably foreseeable to another member of the criminal organization, and thus to hold a coconspirator criminally liable, acts of a coconspirator must fall within the scope of the agreement between the specific individual and the coconspirator.

14

To prove a violation of 18 U.S.C. § 1341, the following facts must be proved beyond a reasonable doubt:

**First:** that a defendant formed a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises that were material;

**Second:** that a defendant used the United States mails or private or commercial interstate carriers or caused a use of the United States mails or private or commercial interstate carriers in furtherance of the scheme or artifice; and

**Third:** that a defendant knowingly and wilfully engaged in such activity with the specific intent to deceive or defraud.

To act with an "intent to defraud" means to act with a specific intent to deceive or cheat, ordinarily, for the purpose of either causing some financial loss to another or bringing about some financial gain to one's self. It is not necessary, however, to prove that anyone was, in fact defrauded, as long as it is established that the defendant acted with the intent to defraud or mislead. It is also not necessary that the Government prove precisely when the intent to defraud first materialized.

The use of the United States mails or private or commercial interstate carriers is an essential element of the offense of mail fraud as charged in the Indictment.

The government is not required to prove that the defendant actually mailed anything or that the defendant even intended that the United States mails or private or commercial interstate carriers would be used to further, or to advance, or to carry out the scheme or plan to defraud or to obtain money or property by false of fraudulent

15

pretenses, representations, or promises that were material.

The government must prove beyond a reasonable doubt, however, that the United States mails or private or commercial interstate carriers were, in fact, used in some manner to further, or to advance, or to carry out the scheme or plan to defraud or to obtain money or property by false of fraudulent pretenses, representations, or promises that were material. The government must also prove that the use of the United States mails or private or commercial interstate carriers would follow in the ordinary course of business or events or that the use of the United States mails or private or commercial interstate carriers by someone was reasonably foreseeable.

It is not necessary for the government to prove that the mailed item was false or fraudulent or contained any false or fraudulent statement, representation, or promise, or contained any request for money or thing of value.

A defendant may cause the use of the mails by setting out a scheme in which use of the United States mails or private or commercial interstate carriers is necessary to effectuate the scheme.

The government must prove beyond a reasonable doubt, however, that the use of the United States mails or private or commercial interstate carriers furthered, or advanced, or carried out, in some way, the scheme or plan to defraud or to obtain money or property by false of fraudulent pretenses, representations, or promises that were material.

**COUNTS 37-46**: **Transportation of fraudulently obtained funds in violation of 18 U.S.C. § 2314 and 2. The indictment further alleges that on or about February 2005, and continuing up to and including April 2007, in the District of South Carolina and elsewhere, the defendants, Joseph B. Brunson, Timothy McQueen, and Tony Pough, did, as principals, aiders and abetters, and co-participants in jointly-undertaken criminal activity, unlawfully transport, transmit, and transfer, and cause to be transported, transmitted, and transferred in interstate commerce from the locations indicated below, to Capital Consortium Group, LLC (CCG), located in Columbia, South Carolina, checks in amounts ranging from approximately $5,000 to $63,000, knowing that each said check constituted at least $5,000 of funds that had been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Sections 2314 and 2.**

**To prove a violation of 18 U.S.C. § 2314, the following facts must be proved beyond a reasonable doubt:**

**First:**      **that a defendant transported, transmitted, or transferred goods, wares, merchandise, securities, or money of a value of $5000 or more;**

**Second:**   **that a defendant transferred the goods, wares, merchandise, securities, or money in interstate or foreign commerce; and**

**Third:**      **that a defendant knew that the goods, wares, merchandise, securities, or money represented the proceeds of some form of unlawful activity.**

**"Taken by fraud" is a broad term, which includes false representations, dishonesty, and deceit. It may result from reckless and needless representations, even when not made with a deliberate intent to deceive.**

17

The goods, wares, merchandise, securities, or money must have been physically taken before they were transported.

Possession means to voluntarily and intentionally exercise dominion and control over an item or property.

Possession may be either sole, by the defendant himself, or joint, that is, it may be shared with other persons, as long as the defendant exercised dominion and control over the item or property.

Possession may be either actual or constructive.

Actual possession is defined as physical control over property.

Constructive possession occurs when a person exercises or has the power and the intention to exercise dominion and control over an item or property, and can be established by evidence, either direct or circumstantial.

COUNTS 47-58: Money laundering in violation of 18 U.S.C. § 1957 and 2. The grand jury further charges that on or about December 2006, and continuing up to and including May 2007, in the District of South Carolina and elsewhere, the defendants, Joseph B. Brunson, Timothy McQueen, and Tony Pough, did, as principals, aiders and abetters, and co-participants in jointly-undertaken criminal activity, knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer and exchange of U.S. currency, funds, and monetary instruments in amounts ranging from $180,000 to

$4,452,050, such property having been derived from a specified unlawful activity, that is, mail fraud in violation of Title 18, United States Codes, Sections 1957 and 2.

To prove a violation of 18 U.S.C. § 1957, the following facts must be proved beyond a reasonable doubt:

First:        that a defendant knowingly engaged or attempted to engage in a monetary transaction in  criminally derived property;

Second:    that the criminally derived property is of a greater value than $10,000; and

Third:       that the criminally derived property is derived from specified unlawful activity.

There is no requirement that the defendant must have committed the crime from which the property was derived, nor is the government required to prove that the defendant knew that the offense from which the criminally derived property was derived was a specified unlawful activity.

In this case, the "specified unlawful activity" is alleged to be conspiracy to commit mail fraud, mail fraud, and transportation of stolen goods.

"Monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution, including any transaction that would be a financial transaction.

19

"Interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

The government must show some effect on interstate commerce.

"Monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders, or investment securities or negotiable instruments ... in such form that title passes upon delivery.

"Financial institution" includes an insured bank, commercial bank, credit union, investment company, insurance company, pawnbroker, loan or finance company, travel agency, business engaged in vehicle sales, persons involved in real estate closings, and a gambling casino . . .

"Financial transaction" means a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means or involving one or more monetary instruments or involving the transfer of title to any real property, vehicle, vessel, or aircraft, or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

"Criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. There is no requirement that the defendant

must have committed the crime from which the property was derived, nor is the government required to prove that the defendant knew that the offense from which the criminally derived property was derived was specified unlawful activity.

The government need not prove that all of the money involved in the transaction constituted the proceeds of the criminal activity; it is sufficient if the government proves that at least part of the money represented such proceeds. Nor does the government have to trace the origin of the funds from the sale of assets that were purchased with commingled illegally-acquired and legally-acquired funds.

Counts 2-58 of the indictment also allege that defendants acted as principals, aiders and abetters, and co-participants in money laundering (18 U.S.C. § 1957) and transporting fraudulently obtained funds (18 U.S.C. § 2314).

Section 2(a) of Title 18 of the United States Code provides: Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crime charged in the Indictment, the government must prove beyond a reasonable doubt that:

**First:**    The defendant knew that the crime charged was to be committed or was being committed;

**Second:**    The defendant knowingly did some act for the purpose of aiding the commission of that crime; and

**Third:**    The defendant acted with the intention of causing the crime charged to be committed.

Before a defendant may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that someone committed each of the essential elements of the offense charged as detailed for you earlier.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that the defendant knowingly associated himself with the crime in some way as a participant-- someone who wanted the crime to be committed--not as a mere spectator.

********************

## Duty to Deliberate

The first item of business when you retire to the jury room is the election of the foreperson of the jury.  As foreperson, you will preside over the deliberations and speak for the jury here in court.

When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.  In other words, do not change your opinion solely for the sake of reaching a unanimous verdict.

## Return of Verdict

After you have reached unanimous agreement on your verdicts, your foreperson will fill in the forms that have been given to you, sign and date them and advise the marshal outside your door that you are ready to return to the courtroom.

## Communicating with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.